ORIGINAL

JUDGE KARAS

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2710
Fax Number : (212) 637-2717

'08 CIV 6337

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                  Plaintiff,

      - v. -

EVELYN OWENS,

                  Defendant.
------------------------------------------------------------x

**VERIFIED COMPLAINT**

08 Civ.

Plaintiff United States of America (the "United States"), by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, alleges upon information and belief that:

    1.    Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1345.

    2.    Defendant Evelyn Owens (the "defendant") resides at 100 Sandpiper Ln, New Windsor, NY 12553, within the Southern District of New York.

### FIRST CAUSE OF ACTION

    3.    Defendant applied for and received a student loan from the lender whose name is set out in the defendant's promissory note(s) evidencing the loan, copies of which are annexed hereto as Exhibit A and incorporated herein.

    4.    Defendant defaulted on said note(s) and owes the amount said note(s) and

interest.

5. The United States is the assignee and present holder of said note(s).

6. The amount due and owing plaintiff by defendant on said note(s) is $4,175.23, plus interest in the amount of $5,376.30, as of July 9, 2008, with interest accruing thereafter at the rate of 8.20 percent per annum. A Certificate of Indebtedness from the United States Department of Education is annexed hereto as Exhibit B and incorporated herein.

## SECOND CAUSE OF ACTION

7. Plaintiff repeats and realleges the allegations contained in paragraphs numbered one through six.

8. Plaintiff insured the aforementioned note(s) pursuant to Title IV of the Higher Education Act of 1965, Public Law 89-329.

9. The lender made an insurance claim on the United States for the amount of the lender's loss arising from the defendant's default on said note(s), which claim has been paid by the United States to the lender.

10. Plaintiff is entitled to be indemnified by defendant in the amount of $9,551.53 as of July 9, 2008, with interest accruing thereafter at the rate of 8.20 percent per annum.

WHEREFORE, plaintiff demands judgment against defendant in the amount of $9,551.53 plus interest as provided by law to the date of judgment and interest from the date of judgment at the legal rate until paid in full, together with costs and disbursements and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 17, 2008

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
          Attorney for the Plaintiff

By: _____
    KATHLEEN A. ZEBROWSKI
    Assistant United States Attorney
    86 Chambers Street
    New York, New York 10007
    Telephone No.: (212) 637-2710

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           : ss.:
SOUTHERN DISTRICT OF NEW YORK )

KATHLEEN A. ZEBROWSKI, being duly sworn, deposes and says that she is an Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for the Southern District of New York, that she has read the foregoing complaint, and that the same is true and accurate to the best of her knowledge and belief.

_____
KATHLEEN A. ZEBROWSKI
Assistant United States Attorney

Sworn to before me this 16th
day of July, 2008

_____
NOTARY PUBLIC

KATHY TAYLOR
Notary Public, State of New York
No. 01TA5077230
Qualified in Kings County
Commission Expires May 5, 2011

# United Student Aid Funds, Inc. Application and Promissory Note for a PLUS Loan

PL-N-000000-01D

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097. 01595

## SECTION IA — TO BE COMPLETED BY THE BORROWER — PLEASE READ THE INSTRUCTIONS

1. Social Security Number: 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
2. and 4. Last Name, First, M.I., Permanent Home Address: Owens, Steve L. / Owens, Evelyn M.
   Correct Items 2. and 4. in this space: 35 Briarwood Crescent, Newburgh, NY 12550
3. Birthdate: 11/05/31
5. U.S. Citizenship Status: ☒ Citizen or National
6. Area Code/Phone No.: 914-564-4363
10A. Requested Loan Amount: 4,000.00
Permanent Resident of State Code: NY, Since 7/83
8. Have you ever defaulted on an education loan? ☒ No
9A. Type of Borrower: ☒ Parent
10B. Driver's License State Code: NY  023208 30299087048 sr
9. References — 3 Adults:
   - Jean Smallwood — 25 Crown Blvd, Newburgh, NY 12550 — 914-564-4366563 — USMA, W. Point, NY
   - Olivia Dodson — 3 Stewart Ave, Newburgh, NY 12550 — 562-1197
   - William WWRG — 390 W St, Newburgh, NY 12550 — 562-4117

11. Do you have any unpaid PLUS loans for the student identified in Section IB? ☒ No
11A. 0.00  11B. From 0 To 0  11C. 0  11D. 0.00

### Promissory Note for a PLUS Loan
Promise To Pay... [boilerplate text]

12A. Borrower Signature: Evelyn M. Owens   Date: 3/21/88
12B. Cosigner Signature: NOT APPLICABLE   N/A

## SECTION IB — TO BE COMPLETED BY THE STUDENT

13. Social Security Number: 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
14. Last Name: OWENS
First: Quinn  M.I.: E
15. Birthdate: 4-29-67
16. Have you ever defaulted: ☒ No
17. U.S. Citizenship Status: ☒ Citizen or National
18. Major Course of Study: [blank] Number: 28
19. Loan Period: From 1/88 To 9/88
20. While in school: ☒ Off Campus
21. Guaranteed Student Loan: ☒ Yes, Amount: 2625.00, Name of Lender: Citibank
Signature of Student: Quinn E. Owens   Date: 3-29-88

## SECTION II — TO BE COMPLETED BY THE SCHOOL

Name and Address of School: Computer Learning Center, 160 E. ATY, Paramus, NJ 07652
24A. Recommended Disbursement Date: 4 25 88
24B. Area Code/Phone: 201-845-6868
25. School Code: 023200
26. Loan Period: From 1 18 88 To 9 25 88
27. Dependency Status: ☒ Dependent
28. Anticipated Completion Date: 9 88
29. Enrollment Status: ☒ Full-time
30. Grade Level: 1
31. Cost of Attendance: 10,058
32. Financial Aid for Loan Period: 2625
33. Cost Less Aid: 7433
34. Signature: Anne Scott, FAO   Date: 4/4/88

## SECTION III — TO BE COMPLETED BY THE LENDER

35. Name and Address: CITIBANK (NYS), P.O. BOX 50429, INDIANAPOLIS, IN 46250
36. Area Code/Phone: 800-824-7044
37. Lender Code: 826878
38. Disbursement Date: APR 12 1988 #10
39. Amount Lender Approves: 4000
40. Immediate deferment: [unchecked]
41. First Payment Date: [blank]
42. Number of Months in Repayment Term: [blank]
43. Consolidate: [blank]
44. Signature of Authorized Lending Official: [signature]   Date: 7/15/88

Retain copy D for your records    LENDER COPY A

© Copyright 1988, USA Funds, Inc. All rights reserved.

## Additional Terms of the Promissory Note for a PLUS Loan

**II. Date Note Comes Due** This Note becomes due immediately subject to the following requirements for entering repayment I will repay this loan 1) in monthly installments which will be due the same day of every month beginning on the day identified in the Notice of Loan Guarantee and Disclosure Statement, 2) in periodic installments that will begin no later than 60 days after I, if I am a full-time student borrower, cease to be eligible for any deferment of principal payments granted to me when the loan proceeds are advanced, or 3) in full immediately if the student fails to enroll and attend the school which certified the application for the academic period intended. If I am a student borrower in a deferment status, I may request that the deferment period be shortened and the repayment period begin earlier

**III. Interest** I agree to pay interest on the unpaid principal balance of this loan from the date you advance the loan until the loan is paid in full. My interest rate on this loan will be twelve percent (12%). However, the annual percentage rate on the Notice of Loan Guarantee and Disclosure Statement, may be slightly higher because of the Guarantee Fee. If I am a cosigner I may not receive a Notice of Loan Guarantee and Disclosure Statement. When this note becomes due, if I am a student borrower, I may either pay the total interest accrued, if any, during a deferment of principal payments or such interest may be added, in accordance with policies of the guarantor governing the PLUS Loan program, to the principal balance due to be repaid with interest, in installments. All payments [illegible] Guarantee and Disclosure [illegible] assigned (without warranty, except that the note qualifies

**IV. Guarantee Fees** I will pay you a guarantee fee, in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which is [illegible] to the guarantor to pay for its guarantee of this Note. The guarantee fee, in an amount not to exceed one percent (1%) per annum, is calculated on the amount of this loan from the anticipated disbursement date as indicated on the Notice of Loan Guarantee and Disclosure Statement and is computed for the anticipated [illegible] 5 year maximum repayment period, whichever is less. The guarantee fee may be deducted from the proceeds of this loan. If I return the original disbursal check uncashed, I will be entitled to a full refund of the guarantee fee.

**V. Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest owed is due and payable at once (subject to any law which gives me a right to cure my default) 1) if any payment has not reached you within [illegible] of days after it is due as specified on the Notice of Loan Guarantee and Disclosure Statement, or 2) I fail to notify you of a change in my name, address or the student's school enrollment status within 10 days, or 3) I break any of my other promises under this agreement, or 4) I make any false written statement with regard to this loan. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. A default also makes me ineligible for the benefits, if any, which I may qualify for as described under Deferment, Paragraph VIII. If this loan is referred for collection to any agency that is subject to the Fair Debt Collection Practices Act, I will pay the collection costs

**VI. Late Charges** If any payment has not reached you within 10 days after its due date you may, if permitted by law, bill me for a late charge at the maximum rate permitted which rate charged shall not exceed five dollars ($5.00) or five percent (5%) of the payment, whichever is less.

**VII. Additional Agreements** 1) The proceeds of this loan will be used only for the student's education expenses at the school indicated in Section III of this application. 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. No separate notice is required for any cosigner. 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. 4) If the guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the guarantor will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) This Note is not effective until it is accepted by you. 7) In this Note the words I, me, and my mean the borrower identified in Item 2 of Section IA of the Application and any cosigner of this Note. You, your and yours mean the lender and any other owner of the Note. Student means the individual identified in Section IB, Item 14 of the Application

and who is enrolled in or attending the school identified in Section III of the application. 8) If the borrower becomes totally and permanently disabled, or dies, his/her obligation to repay this loan will be cancelled. 9) If any provision of this note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this note.

**VIII. Deferment** These deferment provisions apply only to student borrowers. Under the federal Higher Education Act (20 USC 1071 et seq) parent borrowers do not qualify for deferments. If I am a full-time student borrower, you will let me pay interest only, or capitalize such interest, and let me defer making principal payments on this Note as provided below if I am not in default and I can provide you with written evidence that I qualify for a deferment. 1) While enrolled at at a participating school in full-time study, as determined by that school. To obtain a deferment to attend a school not located in the United States I must be a citizen or national of the United States, or b) in a graduate fellowship program approved by the Secretary of Education, or c) in a rehabilitation training program for disabled individuals approved by the Secretary of Education, or d) as a full time student at an institution of higher education or vocational school which is operated by an agency of the United States Government, 2) For periods not exceeding 3 years: a) on active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service, or b) serving as a Peace Corps volunteer, or c) serving as a full-time volunteer under Title 1 of the Domestic Volunteer Service Act of 1973 (e.g. VISTA), or d) providing service as a full time volunteer for an organization exempt from Federal income tax under Section 501(c) (3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service performed in the Peace Corps or ACTION programs, or e) temporarily totally disabled, as established by affidavit of a qualified physician, or f) unable to work but providing care required by a spouse who is temporarily totally disabled as established by affidavit of a qualified physician, 3) For a period not exceeding 2 years while serving an internship that the Secretary of Education has determined is needed to gain professional recognition required to begin professional practice or service, or 4) For a single period not exceeding one year while conscientiously seeking but unable to find full time employment in the United States. I must notify you as soon as the condition for which the deferment was granted no longer exists

**IX. Repayment** I will repay the total amount due on this Promissory Note in periodic installments, with interest at the rate indicated in Interest, Paragraph III, on the unpaid balance from the due date of this Promissory Note until the loan is paid in full, unless 1) The whole loan is due as described in Default, Paragraph V, or 2) This Promissory Note has become due because of Item 3 of Date Note Comes Due, Paragraph II. Prior to the due date of this Promissory Note, you will send to me a Notice of Loan Guarantee and Disclosure Statement which establishes the particular repayment terms that will become part of this Promissory Note. If I am a full time student borrower, a subsequent Repayment Schedule and Disclosure Statement will be sent to me prior to my going into repayment. As a student borrower, the Repayment Schedule may also include all loans I have received from you under the guarantor PLUS Loan Program

I will make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due. Any period for which you have granted me a forbearance or deferment will not be counted in determining the 5 year and 10 year limits. At my option I may agree to a repayment period that is shorter than 5 years. I may at a later time have the repayment period extended so that the total repayment period is not less than 5 years, provided, however, that my total payments for any year of the repayment period on all my loans under the Guaranteed Student Loan Program (GSLP) or the PLUS Loan Program under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments by my spouse on any loan under such programs (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid

**XI. Credit Bureau Notification** If I default on this loan, you or the guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. You must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender or guarantor may disclose information about the status of this loan to any credit bureau.

### Borrower Certification

I certify under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in Section IA of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. If I am applying for a PLUS Loan as a parent, I certify that I am the natural or adoptive mother or father or legal guardian of the student named in Section IB. The proceeds of any loan made as a result of this application will be used solely for educational purposes for the period for which the loan is intended and at the school described in Section II. I understand that any funds that I receive on behalf of the student named in Section IB, which cannot reasonably be attributed to meeting the education expenses of the student related to attendance at the school named in Section II for the loan period stated, must be returned to the lender. I authorize the lender to issue a check covering the proceeds of my loan, in full or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school. If I am a student borrower I have read and understand the Statement of Borrower's Rights and Responsibilities which I received as part of this application. I

authorize the lender to perform a credit check to determine my ability to repay this loan. The lender is authorized to check my credit and employment history and to answer questions about its credit experience with me. I further certify that I am not now in default on a National Defense or Direct Student Loan (NDSL), a Federal Insured Student Loan (FISL), a Guaranteed Student Loan (GSL), a Health Education Assistance Loan (HEAL), or a PLUS Loan. I further certify that I do not now owe a repayment on a Pell Grant, Supplemental Grant, or State Student Incentive Grant.

I, the Borrower, understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, due dates, and late charges. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

### Student Certification

I certify under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in Section IB of this application is true, complete, and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school named in Section II to pay to the lender named in Section III any refund which may be due to me up to the amount of this loan. I hereby authorize the school named in Section II to release information contained in my file that is relative to my eligibility and which permits me or my parent

to borrow on my behalf (e.g., enrollment status, financial assistance, or employment). I have been accepted for enrollment or am enrolled and am making satisfactory progress as at least a half-time student in an undergraduate, vocational, or graduate program at the school named in Section II. I further certify that I am not now in default on a National Defense or Direct Student Loan (NDSL), a Federal Insured Student Loan (FISL), a Guaranteed Student Loan (GSL), a Health Education Assistance Loan (HEAL), or a PLUS Loan. I further certify that I do not now owe a repayment on a Pell Grant, Supplemental Grant, or State Student Incentive Grant

**NOTICE TO BORROWER AND COSIGNER: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS #1 OF 1

Evelyn M Owens
100 Sandpiper Ln
New Windsor, NY 12553
Account No. XXXXX3989

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 2/14/2008.

On or about 3/21/1988, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 from CITIBANK (NYS), INDIANAPOLIS, IN. This loan was disbursed for $4,000.00 on 4/25/1988, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by UNITED STUDENT AID FUNDS, INC., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $22.22 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 7/13/1989, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,291.43 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 7/22/2004, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $4,175.23 |
| Interest: | $5,238.79 |
| Total debt as of 2/14/2008: | $9,414.02 |

Interest accrues on the principal shown here at the current rate of 8.20 percent and a daily rate of $0.94 through June 30, 2008, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: **04/07/08**

_____
Loan Analyst
Litigation Support

**Delfin M. Reyes
Loan Analyst**